IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pamela Myers, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18 C 8312 |
| | ) |
| Daniel Bresnahan in his Official Capacity as Officer of Berkeley Police Department, and Herbert R. Buetow, an attorney, | ) ) ) ) |
| | ) |
| Defendants. | ) |

Memorandum Opinion and Order

Pamela Myers filed suit in the Circuit Court of Cook County against two defendants: Daniel Bresnahan, in his official capacity as a police officer for the Berkeley Police Department; and an individual named Herbert Buetow. The complaint, which Bresnahan removed based on Myers's assertion of federal claims, recounts that while Myers was the live-in caretaker for her elderly aunt, Alice Buetow ("Alice"[1]), from March of 2011 until February of 2014, "[b]oxes, cartons, jars and animal feces was (sic) all over the home." Cmplt. at ¶ 10. In addition, "vehicles, [an] upstairs refrigerator, and the furnace needed

---

[1] I assume from certain of plaintiff's allegations that Alice and Buetow are related, although the complaint does not say so explicitly.

1

repair." *Id*. at ¶ 16. The complaint explains that Alice was "an extreme hoarder" who resisted the efforts of Myers and Myers's son[2] to clean up the house for Alice's "safety and health." *Id*. at ¶¶ 10-11. At some point, Myers and her son tore out the carpet in the home and replaced it with tile, then left the old carpet "outside of the home, but not in the dumpster," where it sat for several days after becoming saturated with rain and snow. *Id*. at ¶¶ 12-14.

On February 25, 2014, a Berkeley Building Inspector visited Alice's home and forced Myers, her son, and Alice to vacate the premises. *Id*. at ¶ 19. Myers's aunt was taken to the hospital for treatment; days later, Myers and her son were served with an order of protection stating, *inter alia*, "[d]o not further abuse, harass, intimidate, or harm [Alice]," and "[d]o not enter [Alice's] house. *Id*. at ¶¶ 20-22. Myers alleges that she was served with the order of protection "in open court." *Id*. at ¶ 22. On September 29, 2014, Myers was arrested "for financial exploitation of the elderly and abuse." *Id*. at ¶ 31. The complaint does not state how long Myers was detained, and she later says that her release date is "unknown, sealed, and cannot

---

[2] The complaint first states that Myers's *brother* lived with Myers in the "upstairs section" of Alice's home, Cmplt. at ¶ 9, but all later references are to Myers's *son*, e.g., *id*. at ¶¶ 11, 19, 21. As the parties' briefs likewise refer to Myers's son as the third occupant of Alice's home, it appears that the lone reference to Myers's "brother" was a scrivener's error.

2

be recalled." Resp. at 3. On January 30, 2017, the charges against her were dismissed. *Id*. at ¶ 33.

The gravamen of Myers's complaint is that Buetow made "false and malicious statements" against her to obtain the order of protection, *id.* at ¶ 23, and that he provided the Berkeley Police Department with testimony and evidence ("a list of checks") that he claimed showed that Myers and her son had abused and stolen from Alice, while omitting contrary evidence, *id*. at ¶¶ 26-28, 35. Bresnahan, for his part, allegedly "took Buetow's word...instead of investigating the allegations himself," violating Myers's "constitutional and civil rights on September 29, 2014." *Id*. at ¶ 30. Against Buetow, Myers asserts state law claims for defamation, conversion, intentional infliction of emotional distress, and a claim under 42 U.S.C. 1983 for malicious prosecution. Against Bresnahan, Myers asserts § 1983 claims for malicious prosecution and false arrest. For the reasons explained below, the complaint fails to state an actionable federal claim.

First, while wrongful custody can violate the Fourth Amendment, "there is no such thing as a constitutional right not to be prosecuted without probable cause." *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (alteration and citation omitted). Accordingly, plaintiff's § 1983 claim for malicious prosecution is not actionable against either

3

defendant. And because plaintiff's allegations make clear that her false arrest claim challenges the arrest itself, rather than her ensuing custody, it is time barred under *Wallace v. Kato*, 549 U.S. 384 (2007). *See Manuel,* 903 F.3d at 669 (7th Cir. 2018). Indeed, although plaintiff does not recall the length of her custody, she pinpoints the specific date of the alleged constitutional violation: September 29, 2014. Cmplt. at ¶ 30. Reinforcing the point, plaintiff confirms in her response brief that she "has not pled a claim for 'unlawful pretrial detention.'" Resp. at 5. Because this claim was subject to a two-year statute of limitations, its filing on August 6, 2018, was untimely.

The foregoing reasons require dismissal of the complaint. Nevertheless, I briefly address plaintiff's statement that she "intends" to file a motion to amend her complaint to assert a claim for unlawful pretrial detention, as well as a claim under *Monell* v. *Department of Social Services of City of New York*, 436 U.S. 658 (1978).[3] As Bresnahan correctly observes, plaintiff's claim against him is already pled in the nature of a *Monell* claim, as it names him only in his official capacity, which is to say, as an agent of the Berkeley Police Department. *See Kentucky v. Graham*, 473 U.S. 159, 165, 166 (1985) (official

---

[3] Plaintiff has not filed a motion to amend, nor has she included her proposed amended complaint in the request to amend embedded in her response brief. Accordingly, that request is denied.

4

capacity claims are functionally against the government entity of which the official is deemed an agent). Yet, as all apparently agree,[4] the complaint does not plead the kind of unconstitutional municipal policy, practice, or custom that *Monell* liability requires. *See Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014). Moreover, that plaintiff has asserted no claim against Bresnahan in his *individual* capacity reinforces that the complaint, as pled, must be dismissed; a governmental entity can be liable under *Monell* only if some individual acting on its behalf violated the constitution. *Horton v. Pobjecky*, 883 F.3d 941, 954 (7th Cir. 2018) (municipality "cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee.") (citation omitted); *Petty*, 754 F.3d at 424-25.

Finally, to the extent plaintiff meant to assert constitutional claims against Bresnahan individually, she runs into a different hurdle: the complaint does not adequately plead his personal involvement in any constitutional violation. Although plaintiff alleges that Bresnahan violated her constitutional rights on the day of her arrest, she does not identify him as the arresting officer, nor does she otherwise explain his role in her arrest. Indeed, the only wrongful

---

[4] Plaintiff states in her response that she "submitted a FOIA request for further investigative information" to determine whether there is a basis for municipal liability. Resp. at 5.

conduct she attributes to Bresnahan is that he allegedly failed "to properly investigate and corroborate" Buetow's complaint against her. Cmplt. at 65-66. Setting aside that these allegations are entirely speculative (nothing in the complaint suggests any basis for plaintiff's putative knowledge about the scope of Bresnahan's investigation), a police officer is entitled to credit the complaint of a reasonably believable witness or putative victim and has "no constitutional obligation to exclude all suggestions that the witness or victim is not telling the truth." *Reynolds v. Jamison*, 488 F.3d 756, 762 (7th Cir. 2007). Neither construing the complaint to incorporate, nor amending the complaint to add, a claim for unlawful pretrial detention would not cure this deficiency.

For the foregoing reasons, Bresnahan's motion to dismiss is granted. Because no federal claims remain, the case is remanded to the Circuit Court of Cook County for further proceedings.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: June 12, 2019